UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LAURIE WESTBROOK | CIVIL ACTION |
| VERSUS | NO: 14-2256 |
| SPRINT COMMUNICATIONS CO., ET AL. | SECTION: "A" (1) |

## ORDER

The following motion is before the Court: **Motion to Dismiss (Rec. Doc. 3)** filed by defendant Sprint/United Management Corp. Plaintiff Laurie Westbrook has not responded to the motion. The motion, noticed for submission on December 3, 2014, is before the Court on the briefs without oral argument.

Plaintiff Laurie Westbrook filed this federal complaint *pro se* on September 30, 2014, against her former employer, defendant Sprint Communications. Plaintiff contends that she took medical leave for back surgery on June 14, 2012, and was ultimately terminated from her position on October 1, 2012. (Rec. Doc. 1, Comp. ¶¶ 4 & 11). Plaintiff alleges that Sprint improperly interfered with her rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, prevented her from returning to work in violation of the FMLA, and terminated her employment in violation of the FMLA.

Via the instant motion Sprint moves to dismiss Plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(5) for failure to properly serve. Sprint contends that Plaintiff's claims are time-barred and therefore moves that the dismissal should be with prejudice.

Plaintiff has not filed an opposition to the motion.[1]

Sprint's first argument is that Plaintiff failed to effect proper service of the complaint.

---

[1] Sprint is not entitled to a dismissal with prejudice simply because Plaintiff did not oppose the motion. The Fifth Circuit has cautioned that district courts must consider the merits of a motion to dismiss with prejudice even where the plaintiff fails to respond to the motion. *See Webb v. Morella*, 457 Fed. Appx. 448, 452 n.4 (5th Cir. 2012) (unpublished).

Federal Rule of Civil Procedure 4(h) governs service on a corporation, partnership, or association. Pursuant to that Rule, service on Sprint would be proper in one of two ways: 1) personal service on Sprint's agent for service of process, or 2) delivering a copy of the summons and complaint to an officer, a managing or general agent of the corporation, or any other agent authorized to receive service on behalf of the corporation. Fed. R. Civ. Pro. 4(h)(1)(A)-(B); 4(e)(1); La. Code Civ. Pro. art. 1261(A).

Sprint has a registered agent for service of process. Plaintiff must have known this because she referred to the agent by name in her Complaint. (Complaint ¶ 2). Nonetheless, Plaintiff did not serve the agent, or any corporate officer of other agent for the company. Rather, it appears from the summons and attached envelope that Plaintiff simply mailed the complaint to Sprint's business office in Kansas. (Rec. Doc. 3-13, MTD Exhibit K). Service was therefore not proper. In lieu of dismissal, the Court will allow Plaintiff time to effect proper service.[2]

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 3)** filed by defendant Sprint/United Management Corp. is **DENIED**;

**IT IS ORDERED** that Plaintiff shall be given until **January 30, 2015**, to properly serve Defendant, after which time the Court will allow Sprint to re-move for dismissal.

December 9, 2014

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[2] Sprint should note that the Court is not persuaded by the statute of limitations argument. Further, contrary to Sprint's assertion at note 2 on page 2 of the Memorandum, the attachments included with the motion to dismiss go well beyond those that the Court can properly consider in conjunction with a Rule 12 motion to dismiss.