UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LAURIE WESTBROOK | CIVIL ACTION |
| VERSUS | NO: 14-2256 |
| SPRINT/UNITED MANAGEMENT COMPANY | SECTION: "A" (1) |

## ORDER

The following motion is before the Court: **Motion to Dismiss (Rec. Doc. 12)** filed by defendant Sprint/United Management Co.[1] Plaintiff Laurie Westbrook filed an opposition to the motion on June 18, 2015. The motion, submitted for consideration upon entry of Defendant's reply on July 2, 2015, is before the Court on the briefs without oral argument.[2]

Plaintiff Laurie Westbrook filed this federal complaint *pro se* on September 30, 2014, against her former employer, defendant Sprint. Plaintiff contends that she took medical leave for back surgery on June 14, 2012, and was ultimately terminated from her position on October 1, 2012. (Rec. Doc. 1, Comp. ¶¶ 4 & 11). Plaintiff alleges that Sprint improperly interfered with her rights under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq.*, prevented her from returning to work in violation of the FMLA, and terminated her employment in violation of the FMLA.

On November 12, 2014, Sprint filed its first motion to dismiss Plaintiff's complaint under

---

[1] The motion was actually filed in the name of Sprint/United Management Corporation. The Court subsequently granted Defendant's motion to amend the docket sheet to reflect Defendant's name as Sprint/United Management Company. (Rec. Doc. 25).

[2] Defendant filed its motion on February 18, 2015, and noticed it for submission on March 25, 2015, which allowed ample time for Plaintiff to file an opposition. Nonetheless, by May 7, 2015, the Court had not yet received an opposition so the Court sua sponte continued the submission date on Defendant's motion to June 3, 2015 (Rec. Doc. 17). Plaintiff's opposition was deficient and the deficiency was not cured until June 18, 2015. (Rec. Doc. 20). Defendant first filed a motion to dismiss on November 11, 2014. Plaintiff never did respond to that motion but the Court was persuaded that it should nonetheless be denied. (Rec. Doc. 7).

Federal Rule of Civil Procedure 12(b)(5) for failure to properly serve. Plaintiff did not file an opposition to the motion. The Court agreed that service was improper but in light of Plaintiff's pro se status the Court nonetheless denied the motion to allow Plaintiff time to effect proper service. (Rec. Doc. 7). That occurred on December 10, 2014.

Sprint now moves once again to dismiss the complaint for failure to properly serve. Even though no obfuscation occurred in this case—both Sprint's memoranda and the Court's ruling described how service must occur—Plaintiff nonetheless "served" defense counsel at her law office. Given that defense counsel is not the registered agent for service of process for Sprint, the motion to dismiss will be granted except that the dismissal will be <u>without</u> prejudice.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 12)** filed by defendant Sprint/United Management Co. is **GRANTED**. Plaintiff's complaint is DISMISSED without prejudice.

July 16, 2015

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE